IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr586-MHT |
| | ) | (WO) |
| **RICKEY JOHNSON** | ) | |

ORDER

Before the court is defendant Rickey Johnson's and the government's joint motion to continue his trial generally, made orally in an on-the-record hearing on February 3, 2026. For the reasons below, the court finds that jury selection and trial, now set for March 9, 2026, should be continued under 18 U.S.C. § 3161(h)(1)(A) and (h)(4).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in

an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent ... to stand trial," § 3161(h)(4).

On February 3, the court held a hearing on Johnson's competency and the government's motion for a competency evaluation. The parties agreed to the court's making its competency finding based solely on the evaluation obtained by the defense rather than ordering another competency evaluation, and that, if found incompetent, Johnson should be sent to the Bureau

2

of Prisons for restoration. The court is currently drafting an opinion finding Johnson incompetent. The time until the court officially makes this determination is excluded from the Act pursuant to 18 U.S.C. § 3161(h)(1)(A). Once the competency determination has been made, the time until his competency is restored or is found unrestorable will be excluded from the Act's 70-day period pursuant to 18 U.S.C. § 3161(h)(4). Due to the current competency proceedings, the government and Johnson jointly moved--orally at the February 3, 2026, hearing--to delay Johnson's trial indefinitely until proceedings and treatment related to his competency to stand trial are completed. The court finds that these automatic exclusions to the Speedy Trial Act apply to Johnson. *See Bloate v. United States*, 559 U.S. 196, 204 (2010) ("The eight subparagraphs in subsection (h)(1) address

3

the automatic excludability of delay generated for certain enumerated purposes.").

***

Accordingly, it is ORDERED as follows:

(1) Defendant Rickey Johnson's and the government's joint oral motion to continue trial (Doc. 30) is granted.

(2) The jury selection and trial, now set for March 9, 2026, are continued generally pending the resolution of all competency-related proceedings, including competency restoration.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 5th day of February, 2026.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE