IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr586-MHT |
| | ) | (WO) |
| RICKEY JOHNSON | ) | |

OPINION AND ORDER REGARDING MENTAL COMPETENCY

This criminal cause is before the court on whether
defendant Rickey Johnson has the mental capacity to stand
trial--that is, whether he is "presently ... suffering
from a mental disease or defect rendering him mentally
incompetent to the extent that he is unable to understand
the nature and consequences of the proceedings against
him or to assist properly in his defense."  18 U.S.C.
§ 4241(a).

At a hearing on February 3, 2026, the parties agreed
that the court could make this determination based solely
on a psychological evaluation completed by Dr. Kristine
Lokken.  Based on that evaluation, the court concludes
by a preponderance of the evidence that Johnson is
currently not mentally competent to stand trial.  The

court will therefore commit him to the custody of the Attorney General for a reasonable period, not to exceed four months, for a determination of whether he will attain competency within the foreseeable future. *See* 18 U.S.C. § 4241(d)(1).

### A. Competency Determination

Johnson is charged with possessing a firearm as a person with a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The government moved for a competency evaluation after defense counsel obtained a psychological evaluation of Johnson that concluded that he has cognitive deficits rendering him incompetent to stand trial. *See* Government's Motion for Competency Evaluation (Doc. 24) at 2.

Courts apply a two-part test to determine competency. *See Bundy v. Dugger*, 850 F.2d 1402, 1408 (11th Cir. 1988). First, the court determines whether "the defendant suffer[s] from a clinically recognized disorder." *Id.*

2

If the defendant does, then the court determines whether "that disorder render[s] the defendant incompetent." *Id.* For a defendant to be considered competent to stand trial, he must have both the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

As noted earlier, Dr. Lokken evaluated Johnson. Based on her review of Johnson's medical records, collateral information obtained from Johnson's sister, and her own administration of a suite of IQ and other tests, Dr. Lokken found that Johnson "lacks both: (1) a rational and factual understanding of the proceedings against him, and (2) a sufficient present ability to consult with his attorney with a reasonable degree of rational understanding." Dr. Lokken Competency Evaluation (Doc. 29-1) at 1.

According to Dr. Lokken, Johnson has

3

"sever[e] ... adaptive functioning deficits, and ... additional cognitive decline related to neurological injury and chronic substance use." *Id.* at 2. Johnson has a well-documented history of intellectual impairments. His medical records from previous psychological evaluations comport with Dr. Lokken's diagnosis. *See id.* at 7-8. She determined that Johnson has an IQ of 60, which is in the 0.4th percentile for adults. *See id.* at 11. Further, Johnson's performance on the four composite indices administered by Dr. Lokken corresponded to the "exceptionally low" and "below average" ranges, falling at or below the third percentile.[1] *Id.* Moreover, she noted that Johnson has the reading ability of a first grader and requires assistance from family members to complete his daily

---

1. Johnson scored in the 0.5th percentile on the Verbal Comprehension Index, the second percentile for the Processing Speed Index, the first percentile for the Working Memory Index, and the third percentile for the Perceptual Reasoning Index.

adult responsibilities, such as understanding bills. This information supports her conclusion that Johnson's cognitive "deficits substantially impair his ability to apply information in real-world contexts, including legal decision-making." *Id.* at 1.

Due to his intellectual deficits, Johnson could not comprehend "the nature of the charges against him, the potential consequences if convicted, or the basic roles and functions of courtroom personnel, including the judge, prosecutor, and defense attorney." *Id.* at 2. Additionally, "[h]is understanding of plea options was rudimentary and inaccurate, and he was unable to articulate the adversarial nature of the proceedings or the long-term implications of legal decisions." *Id.* Dr. Lokken concluded through both tests to measure effort and her direct observations that Johnson was not malingering and that he put forth a good-faith effort on the tests of his cognitive abilities. *See id.* at 10.

In sum, Dr. Lokken evaluated Johnson by way of a

5

records review, interviews, a mental-status examination, and psychological testing.  She concluded that his "ability to assist counsel in a rational or factual manner is substantially impaired" and that he "demonstrated only a superficial and fragmented grasp of the legal process." *Id.* Regarding her additional findings of anxiety and post-traumatic stress disorder (PTSD), which exacerbate his cognitive deficits, she recommended "intensive mental health care in the form of psychotropic medication and/or individual CBT psychotherapy" to ameliorate symptoms of anxiety and PTSD. *Id.* at 3.

Accordingly, based on the evidence in the record, the court concludes by a preponderance of the evidence that Johnson is not competent to stand trial at this time. The court finds that he does not have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and he lacks "a rational as well as factual understanding of the

proceedings against him." *Dusky*, 362 U.S. at 402.

## B. Restoration Commitment

Once a defendant has been found incompetent to stand trial, the court must, pursuant to 18 U.S.C. § 4241(d)(1), order that the defendant be committed to the Attorney General for hospitalization at a Bureau of Prisons (BOP) facility until it can be determined whether a substantial probability exists that within the foreseeable future the defendant will regain the capacity to be tried. *See United States v. Donofrio*, 896 F.2d 1301, 1302 (11th Cir. 1990). Consistent with this provision, both government counsel and defense counsel agreed, at the February 3 hearing, that Johnson should be committed to the BOP for a restoration determination upon a finding of incompetency.

Section 4241(d)(1) limits the defendant's confinement to four months, and "[a]ny additional period of confinement depends upon the court's finding there is

a probability that within the additional time he will attain capacity to permit trial, 18 U.S.C. § 4241(d)(2)(A)." *Donofrio*, 896 F.2d at 1303.

Pursuant to § 4241(d)(1), the court will order that Johnson be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, so that the BOP can determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the criminal proceedings against him to go forward. Johnson will be allowed to self-report to the appropriate BOP facility once that facility is designated.[2]

_____

2. Dr. Lokken also made this observation: "Given the lifelong nature of Mr. Johnson's Intellectual Disability, the severity of his adaptive functioning deficits, and evidence of additional cognitive decline related to neurological injury and chronic substance use, restoration of competency is unlikely. His impairments are not situational, transient, or primarily psychiatric in nature, and are therefore not expected to substantially improve with brief competency restoration services." Dr. Lokken Competency Evaluation (Doc. 29-1) at 2 (emphasis omitted). However, the issue of the likelihood of Johnson's restoration is not before the

The court will further order that, once a determination has been made as to whether Johnson can be restored, and before the expiration of the four-month statutory period, the BOP is to prepare and file a psychological report with this court. This report should summarize the course of Johnson's evaluation and treatment. It should also state the BOP's findings, opinions, and conclusions regarding Johnson's attainment of competency to proceed in this case, including whether the BOP believes that there is a substantial probability that he will in the foreseeable future attain the capacity to permit the trial to proceed. Once the court receives this report, it will determine whether his commitment period needs to be extended pursuant to 18 U.S.C. § 4241(d)(2) for an additional reasonable period until his mental condition is so improved that trial may proceed.

---

court at this time, and the court makes no findings as to this issue.

### D. Conclusion

The court will, therefore, order that the BOP conduct a restoration evaluation.  The court will further order that Johnson remain at the designated BOP facility after the BOP's evaluation and report are completed.  These orders are to prevent Johnson from having to travel back and forth to this Alabama federal court, should the BOP need to conduct further evaluations.

***

Accordingly, it is ORDERED as follows:

(1) It is declared, pursuant to 18 U.S.C. § 4241(d), that defendant Rickey Johnson is currently mentally incompetent to proceed in this case--that is, he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of

10

the proceedings against him and to assist in his defense.

(2) Pursuant to 18 U.S.C. § 4241(d)(1), defendant Johnson is committed to the custody of the Attorney General for such reasonable period of time, not to exceed four months from the date of his admission to the appropriate federal mental-health facility, as is necessary for the BOP to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

(3) No later than four months from the date of defendant Johnson's admission to the appropriate federal mental-health facility, the examiners designated to conduct or supervise his treatment shall file with this court and counsel of record a written psychological report. The report shall summarize the course of defendant Johnson's evaluation and treatment. It shall also state the BOP's findings, opinions, and conclusions regarding defendant Johnson's attainment of competency

to proceed in this case, including whether the BOP believes that there is a substantial probability that defendant Johnson will, in the foreseeable future, attain the capacity to permit the trial to proceed, pursuant to 18 U.S.C. § 4241(d)(1).

(4) After the restoration evaluation is completed, defendant Johnson is to stay at the BOP until further order of the court so that the court can hold a video conference to resolve the restoration issue if necessary and should the BOP need to conduct further evaluations.

(5) The Attorney General shall find a placement for defendant Johnson for the purposes set forth in this order. The statutory time period for examination shall commence on the day defendant Johnson arrives at the designated institution.

(6) The United States Marshal, acting through counsel for the government, shall promptly inform the court and the parties of the facility to which defendant Johnson is designated so that he may self-surrender to

the facility identified by the Attorney General.

DONE, this the 11th day of February, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE