IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:25cr586-MHT |
| | ) | (WO) |
| RICKEY JOHNSON | ) | |

OPINION AND ORDER

This cause is before the court for a decision on when to reset the trial for defendant Rickey Johnson. On February 5, 2026, this case was continued generally pending the resolution of all competency-related proceedings, including restoration. *See* Order (Doc. 33). At the conclusion of a hearing held on October 21, 2026, the court orally found that Johnson has now been restored to mental competency (with a more detailed written opinion to that effect to follow), and defense counsel moved to reset and continue the trial for January 2027, a date past the 70-day deadline for trial under the Speedy Trial Act. For the reasons set forth below, the court concludes that the motion should be granted, and the case reset for January 2027, pursuant to 18 U.S.C. § 3161(h).

While the resetting and continuance of a trial are left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides, in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period "[a]ny period of delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent ... to stand trial," § 3161(h)(4). It also excludes any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or

other prompt disposition of, such motion," § 3161(h)(1)(D), and any reasonable period of delay "during which any proceeding concerning the defendant is actually under advisement by the court," which cannot exceed thirty days. § 3161(h)(1)(H).

Finally, a court can toll the 70-day trial clock by resetting or granting a continuance on its own motion or at the request of a defendant or the government, but only on the basis of a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such, the court may consider, among other factors, whether the failure to grant the resetting or continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

**Johnson was indicted on October 28, 2025, and made an initial appearance before a United States Magistrate on December 8, 2025. On December 8, the government moved to detain Johnson, and, on December 10, the magistrate judge orally granted the detention motion. The 70 days were thus tolled until December 10. *See* 18 U.S.C. § 3161(c)(1) & (h)(1)(D).**

**The clock began running on December 11 and continued running until December 26, when Johnson filed a motion to review and reverse his detention order. On January 7, 2026, the court granted the motion (to the extent it sought review) and set a hearing on the motion (to the extent it sought reversal) for February 3. On February 11, after considering the evidence and argument, the court issued an opinion granting the motion to the extent it sought reversal. Thus, the 70-day clock was again tolled from December 26 to February 11, and the clock would have started running again on February 12. *See* 18 U.S.C. § 3161 (h)(1)(D) and (H).**

However, the 70-day period did not begin running again on February 12 because the government had filed a motion for competency evaluation on January 26, 2026. On February 3, the court heard the competency motion and orally found Johnson incompetent to stand trial. Also, at the hearing, the government and Johnson jointly moved to continue Johnson's trial indefinitely until competency-related proceedings and treatment were completed. On February 5, the court granted the indefinite continuance. Therefore, the 70-day period remained tolled until the end of the competency proceedings.

On February 11, the court issued a written order finding Johnson incompetent and committing him to the Bureau of Prisons (BOP) for a restoration evaluation, that is, "for a determination of whether he will attain competency within the foreseeable future." Order on Competency (Doc. 35) at 2. On April 14, Johnson reported to the BOP. On August 14, the BOP completed its restoration evaluation and, on September 15, submitted

its report to the court. At a September 29 status conference, defense counsel requested, and the court allowed, time for him to consult with a defense expert about the BOP's conclusion and, if needed, obtain another evaluation. On October 14, the court set a competency hearing for October 21, at which it took testimony from the BOP psychologist who found Johnson restored. At the conclusion of the October 21 hearing, the court orally found that Johnson was restored (with a written, more detailed opinion to follow). All of this time was excluded from the 70 days under §§ 3161(h)(1)(A), (h)(1)(D), (h)(1)(H), and (h)(4).

In sum, the court finds that the 70-day period ran for only 15 days in December 2025 and did not begin to run again until October 22, 2026, at which point there were 55 days remaining. *See Bloate* v. *United States,* 559 U.S. 196, 204 (2010) ("The eight subparagraphs in subsection (h)(1) address the automatic excludability of delay generated for certain enumerated purposes."). Therefore, the trial must be set by December 15, 2026.

At the October 21 hearing, defense counsel orally moved for the trial of this case to be reset and continued to the term of court beginning on January 11, 2027. Counsel noted that, while Johnson had been mentally restored, he still had an intellectual disability (and a related PTSD disability) and that, as a result, he would need more than the ordinary amount of time to discuss the case with Johnson and prepare for trial or other disposition.

The court concludes that, in this case, the ends of justice served by scheduling the jury selection and trial on January 11 outweigh Johnson's and the public's interest in a speedy trial. The failure to continue until this date would deny Johnson's counsel the reasonable time necessary for effective preparation, even when exercising due diligence, and could result in a miscarriage of justice. *See* §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The court reviewed a BOP forensic psychological evaluation, prepared by Dr. Drew J. Miller, to accompany

Johnson's competency restoration certificate. *See* BOP Forensic Evaluation (Doc. 66). Dr. Miller noted that, while Johnson's competency has been restored, he "demonstrated the ability to learn and retain information" only "with repetition and discussion of information, resulting in improvements in his competency-related abilities." *Id.* at 33. At the October 21 evidentiary hearing, Miller again iterated that Johnson would benefit from repetition and the rephrasing of legal concepts, as well as discussion of any new facts and terms in the specific context of his case. Given Miller's recommendations and Johnson's disabilities and diagnoses, defense counsel needs, as he argued, more than the ordinary amount of time to discuss the case and the critical decisions that must be made with Johnson and to prepare him for a plea or trial. Scheduling the jury selection and trial for January 2027 is warranted to ensure effective preparation and to avoid a miscarriage of justice. Also, the government does not object to the January 2027 setting.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Rickey Johnson's oral motion to continue trial (Doc. 73) is granted.

(2) Jury selection and trial are set for the term of court beginning on January 11, 2027, in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines accordingly.

DONE, this the 26th day of October, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE